UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRYAN S. BLEVINS, | ) |
| Plaintiff, | ) ) ) |
| | ) No.: 3:22-cv-118 |
| v. | ) ) Judge Atchley |
| TENNESSEE DEPARTMENT OF CORRECTIONS, CENTURION MEDICAL SERVICES, MEDICAL CONTRACT, and TDOC FACILITIES, | ) ) Magistrate Judge Poplin ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's letter, which the Court construes as a motion, asking the Court to reconsider its Memorandum and Order assessing Plaintiff the filing fee in this pro se prisoner's civil rights action under 42 U.S.C. § 1983 [Doc. 7].

### I. BACKGROUND

On April 6, 2022, this Court entered a Memorandum and Order granting Plaintiff's motion to proceed *in forma pauperis* and dismissing his complaint for failure to state a claim upon which § 1983 relief may be granted [Doc. 4 p. 8]. In the instant motion, Plaintiff asks the Court to vacate the portion of its Memorandum and Order imposing the $350.00 filing fee on Plaintiff [Doc. 7]. Specifically, Plaintiff argues that he should not be burdened with the filing fee because he was granted leave to proceed *in forma pauperis*, which he maintains "grants the right to sue without assuming the burden of costs or formalities of pleading" [*Id*. at 1-2].

### II. LEGAL STANDARD

While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion

to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013). Plaintiff filed his motion for reconsideration over a year after entry of the challenged Memorandum and Order [*Compare* Doc. 7 *with* Doc. 4]. Therefore, the Court considers the merits of Plaintiff's motion under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

However, Rule 60(b) does not allow a movant to reargue his case merely because he disagrees with the Court's conclusions. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001))).

2

### III. ANALYSIS

Plaintiff's motion does not fall within the first five grounds listed in Rule 60(b), and therefore, the Court considers only whether Plaintiff has demonstrated "any other reason that justifies relief." Rule 60(b)(6). Plaintiff's motion is premised on the argument that he should not have to pay the filing fee because he was granted *in forma pauperis* status [Doc. 7]. However, Plaintiff filed this action as a prisoner [*See, generally*, Docs. 1 and 2]. Under the Prison Litigation Reform Act, "[a]ll prisoners while incarcerated must now pay the required filing fees and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997); *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). Therefore, Plaintiff's request is precluded by both congressional mandate and Sixth Circuit precedent, and his motion must be denied.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff has not demonstrated an entitlement to Rule 60(b) relief, and his motion [Doc. 7] is **DENIED**.

    **SO ORDERED.**

                                              /s/ *Charles E. Atchley, Jr.*
                                              **CHARLES E. ATCHLEY, JR.**
                                              **UNITED STATES DISTRICT JUDGE**